IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA,

v.  CASE NO. 4:97cr36-RH

TARVIS WALDEN,

     Defendant.

_____/


**ORDER ESTABLISHING PROCEDURES ON POSSIBLE
SENTENCE REDUCTION UNDER AMENDMENT 706**

Defendant Tarvis Walden has moved for a sentence reduction under United States Sentencing Guidelines Amendment 706. He appears to be eligible for a reduction. This order establishes a procedure under which the government must, and Mr. Walden may, address the issue.

I

The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level" with increases or decreases based on specific offense characteristics. For drug offenses, the base offense level turns on the type and quantity of drugs properly

attributed to the defendant.  *See* U.S. Sentencing Guidelines Manual § 2D1.1 (2007) (hereafter cited as "*Guidelines Manual*").

On May 1, 2007, the United States Sentencing Commission adopted Amendment 706.  The amendment reduces the crack cocaine base offense level.  In most circumstances, the amount of the reduction is two levels.  The amendment also provides a mechanism for calculating the base offense level in cases involving both crack and another drug.  In most such cases, the result is again a two-level decrease.

Congress did not act to block the amendment.  The amendment thus became effective on November 1, 2007.  The amendment applies to sentences imposed on or after that date.

## II

When the Sentencing Commission adopts an amendment reducing a guideline range, the Commission has express statutory authority—indeed, it may even have a statutory duty—to determine whether and under what circumstances courts will be allowed to apply the amendment retroactively to sentences imposed prior to the amendment's effective date.  The statute provides:

> If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and to the extent specified by the Commission. The court may act on its own motion or on motion of a defendant or the Bureau of Prisons. The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The "applicable policy statements issued by the Commission," within the meaning of § 3582(c)(2), are set forth in *Guidelines Manual* § 1B1.10. As set forth there, proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant." *Guidelines Manual* § 1B1.10(a)(3). Reductions under § 3582(c)(2) thus may be—and most commonly have been—handled on written submissions, without a hearing.

### III

Acting under its § 994(u) authority, on December 11, 2007, the Commission

amended *Guidelines Manual* § 1B1.10 to include Amendment 706 in the list of retroactive amendments, effective as of March 3, 2008.  The Commission imposed explicit limitations.

First, a court must not make a reduction unless Amendment 706 changes the defendant's guidelines range.  *See Guidelines Manual* § 1B1.10(a)(1).  Second, the Commission limited the extent of any reduction.  For a sentence within the original guideline range, a reduced sentence must not be below the low-end of the *amended* guideline range.  *See Guidelines Manual* § 1B1.10(b)(2)(A).  But for a sentence that was below the original guideline range, a reduction to a sentence "comparably less than the amended guideline range . . . may be appropriate." *Guidelines Manual* § 1B1.10(b)(2)(B).  Finally, the reduced term of imprisonment must not be less than any applicable minimum mandatory sentence, nor less than the time the defendant has already served.

IV

Mr. Walden was sentenced on May 6, 1998, and resentenced on February 22, 2000, following an appeal and remand from the Eleventh Circuit.  His total offense level was 38, his criminal history category was III, and his guideline range thus was 292 to 365 months.  The minimum mandatory sentence was 10 years.  I sentenced Mr. Walden to 292 months, the low end of the guideline range.

Under Amendment 706, Mr. Walden's recalculated total offense level is 36,

his criminal history category remains III, and his amended guideline range thus is 235 to 293 months.  Amendment 706 would allow a reduction of Mr. Walden's sentence to not less than 235 months.

V

In his motion for a reduction, Mr. Walden agrees Amendment 706 results in a two-level reduction that produces a guideline range of 235 to 293 months.  He asserts, however, that the court may reduce his sentence to an even lower level.  At the time of the original sentencing, the guidelines were "mandatory," that is, a court was required to impose a sentence within the guideline range unless the *Guidelines Manual* authorized a departure.  More recently, the Supreme Court has held the "mandatory" feature of the guidelines unconstitutional.  *See United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).  The guidelines thus now are "advisory."  A court must impose a sentence after considering not only on the guideline range but also the other factors listed in 18 U.S.C. § 3553(a).  Mr. Walden says that in order to avoid the same constitutional infirmities that drove the decision in *Booker*, a court must be free to treat the guidelines as advisory when applying Amendment 706.

This proposition is not easily squared with the law of the circuit, under which *Booker* is not retroactive.  *See, e.g., Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).  Nor is the proposition easily squared with the notion that a

reduction of a sentence that has become final and not subject to challenge is a matter of grace that may be limited as Congress (either directly or by delegation of authority to the Sentencing Commission) sees fit. Congress need not have authorized such a reduction at all. The decision to authorize such a reduction but to impose limits is surely no worse for a defendant than a decision not to authorize a reduction at all.

## VI

Any reduction is discretionary. In deciding whether and how much to reduce a defendant's sentence (within the limitations set forth above), a court may consider the sentencing factors listed in 18 U.S.C. § 3553(a), the nature and seriousness of the danger that a reduction would pose to any person or the community, and the defendant's post-sentencing conduct. *See Guidelines Manual* § 1B1.10, cmt. n. 1(B).

Based on the existing record in this case, including the presentence report, I intend to reduce Mr. Walden's sentence to 235 months, unless the government or Mr. Walden shows that I should not do so. Any such reduction will *not* affect the consecutive sentence separately imposed in case number 4:97cr76. So that any issues may be appropriately resolved,

IT IS ORDERED:

1. By October 9, 2008, the government must file a memorandum setting

forth its position—or lack of position—on the possible reduction of Mr. Walden's sentence. By the same date, the government may file materials in support of its position. If the government asserts that the presentence report ought not be made available to the Federal Public Defender (for his consideration of whether to accept any appointment as counsel for purposes of Amendment 706 proceedings), the government must so indicate in its memorandum.

    2. At any time, Mr. Walden may—but need not—file a supplemental memorandum setting forth his position on the possible sentence reduction, together with any supporting materials.

    3. An order reducing Mr. Walden's sentence to 235 months may be entered at any time after October 9, 2008.

    4. If, based on the record and the government's memorandum and supporting materials, it appears that this reduction may not in fact be authorized or, as a matter of discretion, might not be entered, I will consider appointing an attorney for Mr. Walden, may set a deadline for any further response by Mr. Walden, and may establish appropriate additional procedures.

    5. The clerk must provide a copy of this order to Mr. Walden himself by

mail and to the attorneys of record and Federal Public Defender through the electronic filing system.

    SO ORDERED on August 25, 2008.

<u>s/Robert L. Hinkle</u>
Chief United States District Judge
